JOSEPH BROME JACKSON,

Petitioner,

vs. : CIVIL ACTION NO.: CV207-062

JOSE VAZQUEZ, Warden,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Joseph Jackson ("Jackson"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Jackson has responded. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Jackson was convicted in the Northern District of Florida after a jury trial of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846. The Government filed a 21 U.S.C. § 851 enhancement notice. Jackson was sentenced to 248 months' imprisonment and 120 months' supervised release. Jackson filed an appeal, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. (Doc. No. 6, pp. 1-2).

Jackson filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the District Court for the Northern District of Florida. In that motion,

Jackson raised as an issue his claim that a prior state conviction which increased his federal sentence was invalid. The Florida court denied Jackson's motion. After the denial of his first motion, the state conviction used to enhance Jackson's federal sentence was vacated. Jackson then filed another § 2255 motion based on the vacatur of the prior state conviction. The Northern District of Florida District Court denied Jackson's requested relief because Jackson's motion was successive and he failed to obtain authorization from the Eleventh Circuit to file his successive petition. (Resp't's Ex. A, Doc. Nos. 148-49.)

In the instant petition, Jackson contends he should be re-sentenced because the state conviction which was used to enhance his federal sentence has been vacated. Jackson asserts the remedy afforded by section 2255 is inadequate or ineffective to provide his requested relief. Jackson also asserts he is actually innocent of the § 851 enhancement. Jackson further asserts his counsel was ineffective for failing to challenge the constitutionality of his underlying state conviction during sentencing. Jackson avers 20 years' imprisonment and 3 years' supervised release is the maximum sentence he should have received without the § 851 enhancement.

Respondent avers that Jackson's petition fails and should be dismissed. Respondent contends that Jackson has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. Respondent also avers section 2241 does not provide a basis for relief to Jackson based on the Eleventh Circuit Court of Appeals decision in Dean v. McFadden, 133 Fed. Appx. 640 (11th Cir. 2005).

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 Fed. Appx. 901, 904 (11th Cir. 2006).

Jackson has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He asserts that the remedy afforded under section 2255 is inadequate or ineffective to challenge the legality of his detention because the Northern District of Florida declined to delay ruling on a previously filed section 2255 motion in light of the Supreme Court's impending decision in United States v. Johnson. Jackson asserts his claim of actual innocence "commands review . . . under 2241." (Doc. No. 7, p. 4).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case sub judice.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Jackson fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Simply because

the Northern District of Florida court, in his previously filed matters, rejected Jackson's claims does not render section 2255's remedy inadequate or ineffective. See Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (stating that restrictions on the filing of successive section 2255 motions do not render the remedies afforded by that statue inadequate or ineffective).[1] Jackson has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean, 133 Fed. Appx. at 642 (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Accordingly, it is not necessary to address his actual innocence claim. See Wofford, 177 F.3d at 1244 and n.3 (stating that, upon a showing that the savings clause applies to open the portal to a section 2241 proceeding, the proper inquiry in a § 2241 proceeding is whether the petitioner can establish actual innocence of the crime for which he was convicted).

Jackson cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Jackson is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

---

[1] The undersigned notes Jackson's assertion that the Northern District of Florida court should have delayed ruling on his second § 2255 motion because the Supreme Court was considering its decision in United States v. Johnson, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005). However, Johnson does not provide Jackson with any avenue of recourse, as the Supreme Court held the statute of limitations period for purposes of section 2255 "begins when a petitioner receives notice of the order vacating the prior conviction, provided that he has sought it with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence." 544 U.S. at 298, 125 S. Ct. at 1575. Jackson does not claim this Court should consider a § 2241 petition which presents statute of limitations concerns.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 6) be **GRANTED**, and Jackson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 13th day of August, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE