# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

JOSEPH BROME JACKSON,

 Petitioner,

vs.

CIVIL ACTION NO.: CV207-062

JOSE VAZQUEZ, Warden,

 Respondent.

## ORDER

After an independent review of the record, the undersigned concurs with the Magistrate Judge's recommendation that Jackson's 28 U.S.C. § 2241 petition for writ of habeas corpus be dismissed. The Magistrate Judge found Jackson did not satisfy the savings clause of 28 U.S.C. § 2255, and thus, could not proceed with his claims via a section 2241 petition. Jackson filed Objections to the Magistrate Judge's Report and Recommendation.

In his Objections, Jackson asserts he had no real opportunity to obtain a judicial determination regarding the legality of his federal conviction because his prior state conviction was not vacated at the time he filed his initial section 2255 motion. Jackson's assertion in this regard overlooks the fact that he filed another section 2255 motion in the Northern District of Florida after his state conviction, which was used to enhance his federal sentence, had been vacated. That court declined to address the merits of

AO 72A
(Rev. 8/82)

Jackson's second § 2255 motion because he failed to receive authorization from the Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion. (Pet'r's Ex. A). As noted by the Magistrate Judge, restrictions on the filing of successive section 2255 motions do not render the remedies of section 2255 inadequate or ineffective. (Doc. No. 8, p. 5) (citing Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005)).

Jackson also asserts his claims fit within the "narrow exception afforded by the [s]avings [c]lause [of] § 2255." (Obj., p. 2). Jackson contends he was only able to set forth unripe claims in his first section 2255 motion since he had yet to obtain the vacatur of his prior state conviction. Jackson also contends the remedy afforded by section 2255 was inadequate because the Northern District of Florida court ruled on his unripe claims, which made it impossible for him to gain relief through a second or successive section 2255 motion. Contrary to Jackson's contentions, the undersigned's review of the docketing systems of the Eleventh Circuit Court of Appeals and the Northern District of Florida reveals that Jackson failed to file the appropriate motion with the Eleventh Circuit which would have authorized the Northern District of Florida court to entertain his second § 2255 motion. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). In sum, Jackson's claims do not fall within the purview of the savings clause of section 2255[1], and thus, he cannot proceed with his claims via the instant § 2241 petition.

---

[1] The undersigned finds the Magistrate Judge's discussion of the savings clause to be sufficiently and appropriately addressed in his Report and Recommendation; therefore, the undersigned will not engage in any additional analysis of the matter.

AO 72A
(Rev. 8/82)

2

Jackson's remaining Objections are without merit. The Report and Recommendation of the Magistrate Judge, as supplemented herein, is adopted as the opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Jackson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is authorized and directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 13 day of November, 2007.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE